UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

     Plaintiff,

v.

JOHNSON CHRISTIANSEN,
ET AL,

     Defendants,

_____/

Case No. 4:26-cv-12388
Hon. F. Kay Behm

**ORDER DENYING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS
AND SUMMARILY DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Darren Johnson's pro se civil rights complaint filed under 42 U.S.C. § 1983. Johnson is currently a Michigan inmate housed at the St. Louis Correctional Facility. Johnson's complaint asserts that during the months of May and June 2026, he was subjected to 90º temperatures and poor ventilation in his unit. (ECF No. 1, PageID.3.) Upon review of the complaint and Johnson's litigation history, the Court concludes that the case must be dismissed without prejudice under the three strikes provision of 28 U.S.C. § 1915(g).

I.

1

Johnson filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *Samarripa v. Ormond,* 917 F.3d 515, 518 (6th Cir. 2019).

Under the PLRA, however, a federal court must deny a prisoner in forma pauperis status and dismiss a case if on three or more occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Taylor v. Stevens*, 146 F.4th 480, 482 (6th Cir. 2025). The three strikes provision allows in forma pauperis status despite three or more strikes if the plaintiff sufficiently asserts that he is in imminent danger of serious physical injury. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

## II.

Johnson has been a very active litigant in the federal courts in Michigan. In at least three of Johnson's lawsuits, the Court entered dismissals on the grounds

that the cases were frivolous, malicious, and/or failed to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907, 2012 U.S. Dist. LEXIS 95189 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878, 2012 U.S. Dist. LEXIS 106764 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-cv-12543, 2012 U.S. Dist. LEXIS 108196 (E.D. Mich. Aug. 2, 2012).

Plaintiff has filed so many frivolous lawsuits that he has been enjoined from filing any new action without first obtaining leave of court. *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 U.S. Dist. LEXIS 89468, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), a restriction that the Sixth Circuit concluded was "justified by Johnson's record of engaging in vexatious litigation." *Johnson v. Correctional Officer Schultz*, No. 22-1520, 2023 U.S. App. LEXIS 906 (6th Cir. Jan. 13, 2023).

Section 1915(g) provides an exception to the three-strikes rule if "the prisoner is under imminent danger of serious physical injury." To satisfy this exception, a plaintiff must allege "'facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint.'" *Vandiver*, 727 F.3d at 585 (alteration in original) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). The threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. *Id.*

3

Additionally, the type of physical injury alleged must have "potentially dangerous consequences such as death or severe bodily harm" to qualify as sufficiently "serious" under § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). District courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory, ridiculous, or clearly baseless. *Rittner*, 290 F. App'x at 797.

### III.

Johnson's complaint asserts that in May and June 2026 his unit at the St. Louis facility experienced "extreme heat that is over 90 degrees and poor ventilation." (ECF No. 1, PageID.7.) He asserts that he was subjected to these conditions every day, and it resulted in "chest pain, severe headaches, change in voice, mucus that is full of dust and lint, watery eyes, hard time breathing." (*Id.* PageID.8.)

Johnson attached grievance records to the complaint. His grievance was denied after an investigation, with the respondent indicating: "Sanitation inspection and maintenance confirm that the ventilation system is operating within standards required for the facility. The unit is being maintained in accordance with MDOC requirements for safe and humane living conditions." (*Id.* PageID.20.)

Johson fails to allege that he is currently in imminent danger. Whether his allegations would state an Eighth Amendment claim, the effects of the

4

uncomfortable conditions alleged in the complaint do not suggest an imminent threat of death or serious bodily harm. *See, e.g., Staffney v. Palmer*, No. 1:17-cv-403, 2017 U.S. Dist. LEXIS 71140, 2017 WL 1905865, at *2-3 (W.D. Mich. May 10, 2017) (finding that § 1915(g) prohibited action alleging unsafe prison conditions, including inadequate ventilation, contaminated water, inadequate water flow, and presence of black mold, where plaintiff did not assert that the conditions were presently causing or would imminently cause serious physical injury); *Owens v. Leavins*, No. 3:21-cv-4815, 2022 U.S. Dist. LEXIS 33995, *10, 2022 WL 584890 (N.D. Fla. Jan. 5, 2022) (allegation that dust particles coming out of the jail's ventilation system caused "breathing problems" failed to allege imminent danger of serious physical injury).

The Court notes that Johnson filed an action complaining in part that he was suffering from chest pain from hot conditions and poor ventilation at the St. Louis facility. That action was also dismissed under the three-strike rule for his failure to allege sufficient facts to show that he is under imminent danger of serious physical injury. *See Johnson v. Griffin*, No. 2:26-cv-10210 (E.D. Mich. April 30, 2026) (ECF No. 6.)

Accordingly, the imminent danger exception under § 1915(g) does not apply, and Johnson is barred from proceeding in this action in forma pauperis.

IV.

Finally, since Johnson has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) likewise bars him from appealing in forma pauperis. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore certifies that any appeal from this dismissal would not be taken in good faith.

V.

**IT IS HEREBY ORDERED** that Johnson is **DENIED** in forma pauperis status, and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Johnson's motion for temporary restraining order and preliminary injunction (ECF No. 4) is **DENIED** as moot.

**SO ORDERED.**

Date: July 17, 2026                    s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge