UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

Plaintiff,

v.

Civil No. 4:26-cv-12388
Hon. F. Kay Behm

JOHN CHRISTENSEN,
*et al.*,

Defendants.
______________________________/

**ORDER DENYING "OBJECTION TO THE ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND SUMMARILY DISMISSING COMPLAINT" (ECF No. 9)**

This prisoner civil rights case filed by Darren Johnson, a Michigan inmate incarcerated at the St. Louis Correctional Facility, was dismissed under the three-strikes rule. 28 U.S.C. § 1915(g). (ECF No. 6.) Before the Court is Johnson's "Objection" to the order denying him IFP status and dismissing the case. (ECF No. 9.) Johnson asserts that the Court erred in finding that he is not in imminent danger of serious physical harm or death. (*Id.*)

I.

Plaintiff's objection seeks reconsideration of the order dismissing his case. Parties wishing to file a motion for reconsideration of a final order or judgment must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *See* Local

Rule 7.1(h). The Court will interpret Plaintiff's pro se objection to be such a motion.

A district court may grant a Rule 59(e) motion to alter or amend if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

II.

As the Court indicated in its prior order, Johnson is among Michigan's most frequent filers of meritless inmate lawsuits. (ECF No. 6, PageID.46-47.) One of Johnson's "go-to" allegations to circumvent the three-strike rule is to assert that some prison condition is causing him chest pain that might lead to a serious medical condition. *See, e.g., Johnson v. Hill*, No. 26-12395, 2026 WL 2104411 (E.D. Mich. July 21, 2026); *Johnson v. Mayfield*, No. 26-13540 (E.D. Mich. Sept. 29, 2026) (ECF No. 5); *In re Johnson*, No. 22-51484, 2023 WL 158889 (E.D. Mich. Jan. 11, 2023).

To satisfy the imminent danger exception to the three-strikes rule, a plaintiff must allege "'facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint.'" *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med.*

*Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). A district court may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory, ridiculous, or clearly baseless. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

Nothing in Johnson's motion constitutes newly discovered evidence or indicates that the Court made a clear error of law. Johnson's motion simply points to his vague and unsupported allegations that the conditions in his prison unit might have led to serious medical harm during hot summer months. "'Courts have held that self-diagnosed conditions, without supporting medical evidence, are insufficient to show imminent danger' so as to come within the imminent danger exception under the three strikes rule." *Johnson*, 2026 WL 2104411, at *1 (quoting *In re Johnson*, 2023 WL 158889, at *1).

Informed by its judicial experience, common sense, and Johnson's extensive history of filing frivolous claims, Johnson's motion to alter or amend the judgment is **DENIED**.

**SO ORDERED**.

Date: October 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge